IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATTIA TAYLOR | : | CIVIL ACTION |
| | : | |
| | : | |
| | : | |
| Plaintiff | : | CASE NO. |
| | : | |
| v. | : | |
| | : | |
| GLOBAL CREDIT & COLLECTION CORP | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

### PRELIMINARY STATEMENT

This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Sections 1692 et seq. (hereinafter "FDCPA"). Plaintiff brings this action

The Fair Debt Collection Practices Act 15 U.S.C.S. § 1692 et seq., regulates and restricts the acquisition of information about debtors. 15 U.S.C.S. §§ 1692b, 1692c. It further prohibits conduct whose natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C.S. § 1692d. And it bars the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C.S. § 1692e, while proscribing unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C.S. § 1692f.

Defendant violates the FDCPA if they fail to convey information required by FDCPA; even if Defendant conveys required information, they nonetheless violate FDCPA when they convey that information in confusing or contradictory fashion so as to cloud the required message with uncertainty.

This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA").

Defendant's mistreatment of Plaintiff was in fact indiscriminate, occurring in the regular course of its debt collection business,

Plaintiff therefore seeks hereby to recover statutory damage, as well as any actual damages deemed appropriate by the Court, together with reasonable attorneys' fees and costs.

## JURISDICTION

1. Jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and the doctrine of pendent jurisdiction.

## PARTIES

2. Plaintiff, Attia Taylor ("Plaintiff") is a natural person who resides in Pennsylvania, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant, Global Credit & Collection Corp, ("Defendant") is a corporation based in New York, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its corporate headquarters at 300 International Drive, Suite 100, Williamsville, NY 14221, Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4. On or about January 4, 2011, Plaintiff received an initial letter from the Defendant dated January 3, 2011 attempting to collect on a balance due "Capital One Services, LLC" for a consumer credit account. See a copy of the letter attached hereto and marked "**EXHIBIT A**."

5. In the aforementioned letter sent to Plaintiff is false, misleading and deceptive in the following ways:

    a. Plaintiff has no contractual relationship with "Capital One Services, LLC"

    b. The letter gives the false impression that legal action is imminent by indicating: "I must advise you that your account has met the criteria for possible legal action by CAPITAL ONE SERVICES, LLC.  To avoid potentially being sued and possibly saving money resulting from attorney fees, court costs or collection fees, contact our office at the toll free number provided below."

    c. The letter fails to contain a dispute notice to the Plaintiff.

    d. The letter threatens to collect fees and costs not allowed by law or signed contract.

    e. Defendant is not a law firm and cannot bring suit against Plaintiff.

    f. "Capital One Services, LLC" is not at the time of this complaint or ever been the Plaintiff in a civil action in the county in which Plaintiff resides or any other county in the Commonwealth of Pennsylvania.

6. Plaintiff in fear of the false threats made by Defendant arranged to settle the account with Defendant.

7. Plaintiff's mother contacted Defendant on January 24, 2011.

8. Defendant's agent known as "Maria Fazzari" at extension 6421 agreed on behalf of Defendant and Capital One Services, LLC to settle the account for $1,212.25.

9. Maria Fazzari instructed Plaintiff's mother that the only way a settlement could be made was by direct debit from a checking account.

10. Maria Fazzari further instructed Plaintiff to send a letter indicating the settlement amount and dispute the interest and penalties.

11. The account was settled for $1212.25.

12. On January 24, 2011 Plaintiff faxed the letter to Defendant as requested. A copy of the letter is attached hereto as **"EXHIBIT B"**.

13. On January 26, 2011, two days after receiving the letter, Defendant withdrew $1,212.25 from Plaintiff's mother's account. See redacted bank statement attached hereto as **"EXHIBIT C"**

14. Plaintiff did not receive any further communication from Defendant after January 26, 2011.

15. Shortly after May 17, 2011 Plaintiff received a collection letter from the Law Office of Edwin A. Abrahamsen & Associates, P.C.("law office") attempting to collect $705.06 on behalf of "Capital One Bank (USA), N.A." See copy of said letter attached hereto as **"EXHIBIT D"**

16. Plaintiff contacted Eric Lehman at the law office and was informed that the debt was the same debt Defendant agreed to settle.

## CAUSES OF ACTION

*COUNT I*
*VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*
PLAINTIFF V. DEFENDANT

17. The foregoing paragraphs 1 through 16 are incorporated herein as if more fully set forth hereafter.

18. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to:

a. §1692d any conduct the natural consequence of which is to harass, oppress or abuse any person

b. §1692e any other false, deceptive, or misleading representation or means in connection with debt collection

c. §1692e(10) using false, deceptive means to collect an alleged debt;

d. §1692f any unfair or unconscionable means to collect a debt or attempt to collect the alleged debt

e. §1692g failure to send the consumer a 30-day notice within five days of the initial communication

f. §1692f(1) attempting to collect an amount not authorized by the agreement creating the debt or permitted by law;

g. §1692(g)(a)(2) failing to state the name of the creditor to whom the debt is owed.

h. §1692e(2) by mischaracterizing the legal status of the alleged debt.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.
### Plaintiff v. Defendant

19. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

20. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL"). Defendants are "debt collectors" pursuant to 73 Pa. C.S. §2270.3.

21. The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

22. The PCA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

23. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

24. Violations of the FDCPA are <u>per se</u> violations of the FCEUA and the UTCPL.

25. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

26. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

 a. Actual damages;

 b. Treble damages;

 c. An award of reasonable attorneys fees and expenses and costs of suit; and

 d. Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III
**VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. §201-1 <u>et seq</u>.**
**Plaintiff v. Defendant**

27. The foregoing paragraphs are incorporated herein by reference.

28. Plaintiff and Defendant are "Person[s]" pursuant to 73 Pa. C.S. §201-2.

29. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

30. The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. §201-3.1;

   b. Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL;

31. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

32. By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

   i. An Order declaring that Defendant violated the UTPCPL;

   ii. Actual damages;

iii. Treble damages;

iv. An award of reasonable attorney's fees and expenses and costs of suit; and

v. Such addition relief as is deemed just and proper, or that the interests of justice may require.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: July 28, 2011**        **BY:**   */s/ Bruce K. Warren BKW4066*
                                          Bruce K. Warren, Esquire

                               **BY:**   */s/ Brent F. Vullings BFV 8435*
                                          Brent F. Vullings, Esquire
                                          Warren & Vullings, LLP
                                          93 Old York Road, Suite 333
                                          Jenkintown, PA  19046
                                          215-745-9800   Fax 215-745-7880
                                          Attorney for Plaintiff